UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ALBERTO FLORES HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  1:26-cv-04569-DAD-JDP<br><br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 2, 7) |

On June 15, 2026, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On that same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On June 18, 2026, this case was related and reassigned to the undersigned on the basis that this action is related to a prior petition that the undersigned had denied, Case No. 1:26-cv-03870-DAD-JDP. (Doc. No. 6.) On June 22, 2026, respondent filed an opposition to that motion for temporary restraining order and response to the underlying petition arguing that petitioner's petition should be denied as a successive petition. (Doc. No. 7 at 2–4.) Specifically, respondents contend that petitioner previously filed a petition for writ of habeas corpus in the District of Maryland on the basis that his detention violated his right to procedural due process and the Immigration and Nationality Act. (*Id.*; *see also* Doc. No. 7-1.) A judge of

1

the District of Maryland granted petitioner's petition and ordered that petitioner be provided a bond hearing complying with the requirements of 8 U.S.C. § 1226(a).  (Doc. No. 7-1 at 1–2.)  Petitioner received a bond hearing on February 18, 2026.  (Doc. No. 7-2.)  Petitioner subsequently filed a second petition before this court arguing that the February 18, 2026 bond hearing did not comply with the District of Maryland's order and this court transferred that petition to the District of Maryland.  (Doc. No. 7-4.)  Petitioner has now filed the instant petition which again challenges his detention on the bases of due process and the INA and again argues that the bond hearing he received did not comply with the District of Maryland order.  (Doc. No. 1 at 8–10.)

The statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241.  *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000).  Nevertheless, the Ninth Circuit has recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241.  *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011).  "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim."  *Id.*  As detailed above, petitioner's pending petition in this action asserts identical grounds for relief as were asserted in his prior petition and is accordingly successive.  Respondent has demonstrated that petitioner has received the previously ordered bond hearing.  Accordingly, the court concludes that petitioner has not shown cause for bringing a successive petition nor has petitioner shown that a fundamental miscarriage of justice would result from failing to consider his successive petition.  Therefore, the court finds that this third petition is barred as a successive petition under the abuse of the writ doctrine and will grant respondent's motion to dismiss.  *See Burke v. Colbert*, No. 23-1644, 2025 WL 89115, at *1 (9th Cir. Jan. 14, 2025)[1] ("The district

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2

court correctly concluded that this claim is barred by the abuse of the writ doctrine because he raised it in his first § 2241 petition.").

A review of the prior case's docket shows that petitioner had previously filed non-meritorious motions for reconsideration and for reopening of his case in the prior petition before this court, which the court denied. No. 1:26-cv-03870-DAD-JDP, Doc. Nos. 11, 12, 13. Nonetheless, petitioner has filed yet another petition presenting an identical requests for relief. Petitioner is informed that future petitions which raise the same grounds for relief, namely that his pre-final removal order detention pursuant to 8 U.S.C. § 1226(a) violated his due process rights, the INA, or that his bond hearing did not comply with the order of the District of Maryland, will be summarily denied without further explanation. The court will only consider future petitions filed by petitioner that raise *new* grounds for relief.

For the reasons above,

1.      Respondent's motion to dismiss (Doc. No. 7) is GRANTED without leave to amend;

2.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED as a successive petition barred under the abuse of the writ doctrine;

3.      Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as rendered moot by this order; and

4.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   __**June 23, 2026**__                      _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3