UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ALBERTO FLORES HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No. 1:26-cv-03870-DAD-JDP (HC)<br><br>ORDER RELATING AND REASSIGNING CASES AND DISMISSING THE PETITION IN THE HIGHEST-NUMBERED CASE |
| ALEX ALBERTO FLORES HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No. 1:26-cv-04569-DAD-JDP (HC) |
| ALEX ALBERTO FLORES HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-06169-DAD-JDP |

| | |
|---|---|
| ALEX ALBERTO FLORES HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-08099-TLN-CKD<br><br>**New Case No. 1:26-cv-08099-DAD-JDP** |

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a). Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties.

An order relating cases under this court's Local Rule 123 merely assigns them to the same district judge and magistrate judge—it does not consolidate the cases. The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher numbered cases to himself or herself, upon determining that this assignment is likely to effect a savings of judicial effort. L.R. 123(c). Such good cause appearing here, the court orders that Case No. 1:26-cv-08099-TLN-CKD shall be reassigned to the undersigned and Magistrate Judge Jeremy D. Peterson. The caption on documents filed in the reassigned case shall be shown as: 1:26-cv-08099-DAD-JDP. It is further ordered that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

The court now addresses the motion for temporary restraining order in the case numbered 1:26-cv-08099-DAD-JDP. All docket citations in this order are in reference to that action, unless otherwise stated.

On October 2, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) On October 8, 2026, respondent filed a motion to dismiss stating that this is petitioner's third successive habeas petition filed in this

district and should accordingly be dismissed. (Doc. No. 8 at 1–4.) The court previously informed petitioner that "future petitions which raise the same grounds for relief, namely that his pre-final removal order detention pursuant to 8 U.S.C. § 1226(a) violated his due process rights, the INA, or that his bond hearing did not comply with the order of the District of Maryland, will be summarily denied without future explanation." *Flores Hernandez v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-04569-DAD-JDP, 2026 WL 1823000, at *2 (E.D. Cal. June 24, 2026). Petitioner's claims for relief largely raise the same grounds he previously raised in his prior petitions. (Doc. No. 1 at 15–28.) To the extent that petitioner argues that the duration of his detention entitles him to a second bond hearing as a matter of due process—without having to show any changed circumstances as required by 8 U.S.C. § 1226(a)—the Ninth Circuit has foreclosed such an argument. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022) ("The problem with this argument is that on these facts, 'duration alone' cannot 'sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."). Accordingly, petitioner's petition must be dismissed as successive.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) filed in case now numbered 1:26-cv-08099-DAD-JDP is DISMISSED as successive;
2. Petitioner's motion for a temporary restraining order (Doc. No. 2) filed in case now numbered 1:26-cv-08099-DAD-JDP is DENIED as having been rendered moot by this order;

/////

/////

/////

/////

/////

/////

/////

3. Respondent's motion to dismiss (Doc. No. 8) filed in case now numbered 1:26-cv-08099-DAD-JDP is GRANTED; and

4. The Clerk of the Court is directed to close the case now numbered 1:26-cv-08099-DAD-JDP.

IT IS SO ORDERED.

Dated: **October 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE